Kieran G. Doyle *(Pro Hac Vice Motion to be filed)*
COWAN, LIEBOWITZ & LATMAN, P.C.
1133 Avenue of the Americas
New York, New York  10036
*KGD@cll.com*
(212) 790-9261


Aaron D. Goforth
DAVIDSON BACKMAN MEDEIROS PLLC
1550 Bank of America Financial Center
601 West Riverside Avenue
Spokane, Washington  99201
*agoforth@dbm-law.net*
(509) 624-4600


Attorneys for Trans-High Corporation, Inc. d/b/a High Times


## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| **TRANS-HIGH CORPORATION, INC.** d/b/a High Times,<br><br>                Plaintiff,<br><br>vs.<br><br>**RICHARD REIMERS; JOHN DOES 1-10** and **XYZ CORPORATIONS 1-10**,<br><br>            Defendants. | No.<br><br>**COMPLAINT**<br><br>**[JURY TRIAL DEMANDED]** |

Page 1
Complaint
Trans-High\Pleadings.sa

DAVIDSON  BACKMAN  MEDEIROS
ATTORNEYS AT LAW
A PROFESSIONAL LIMITED LIABILITY COMPANY

1550 BANK OF AMERICA FINANCIAL CENTER
601 WEST RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201
FACSIMILE: (509) 623-1660
(509) 624-4600

## COMPLAINT

Plaintiff, Trans-High Corporation, Inc., for its Complaint against Defendants,

Richard Reimers; John Does 1-10; and XYZ Corporations 1-10, hereby alleges as

follows:

## NATURE OF ACTION

1.      Plaintiff brings this action for (i) trademark infringement in violation of

§ 32(1) of the Lanham Act, 15 U.S.C. § 1114; (ii) false representations, descriptions

and designations of origin in violation of Section 43(a) of the Lanham Act, 15 U.S.C.

§ 1125(a); (iii) unfair methods of competition and trade practices in business and

fraudulent misrepresentation in violation of the Washington Consumer Protection

Act, R.C.W. § 19.86.020; (iv) unfair competition in violation of the common law of

the State of Washington; and (v) trademark infringement in violation of the common

law of the State of Washington.

2.      For many years, Plaintiff has marketed its well-known counter-culture

publication HIGH TIMES magazine and various goods and services related to the

subject of marijuana, drug law reform and alternative lifestyles, under its distinctive

HIGH TIMES and related trademarks.  Among the goods and services long sold

DAVIDSON  BACKMAN  MEDEIROS
ATTORNEYS AT LAW
A PROFESSIONAL LIMITED LIABILITY COMPANY

1550 BANK OF AMERICA FINANCIAL CENTER
601 WEST RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201
FACSIMILE: (509) 623-1660
(509) 624-4600

under the HIGH TIMES mark are books, clothing, posters, smokers articles and retail services.

3.    Plaintiff brings this action for damages and injunctive relief, among other reasons, (i) to prevent Defendants from infringing Plaintiff's trademarks and (ii) to obtain damages and other appropriate relief resulting from the violations as set forth herein.

## JURISDICTION AND VENUE

4.    This Court has jurisdiction over the claims arising under the Lanham Act pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338.

5.    This Court has supplemental jurisdiction over the claims arising under the laws of the State of Washington pursuant to 28 U.S.C. § 1367.

6.    Venue is proper pursuant to 28 U.S.C. § 1391 because one or more of the Defendants resides in this District.

## THE PARTIES

7.    Plaintiff is a corporation organized and existing under the laws of the State of New York, with offices located at 250 West 57th Street, Suite 920, New York, New York 10107.

Page 3
Complaint
Trans-High\Pleadings.sa

DAVIDSON  BACKMAN  MEDEIROS
ATTORNEYS AT LAW
A PROFESSIONAL LIMITED LIABILITY COMPANY

1550 BANK OF AMERICA FINANCIAL CENTER
601 WEST RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201
FACSIMILE: (509) 623-1660
(509) 624-4600

8.     Plaintiff is engaged, *inter alia*, in the business of publishing HIGH TIMES magazine, in organizing and hosting marijuana-themed festivals, seminars, contests and other events throughout the United States and around the world, and in merchandising and selling a wide variety of related goods and services.

9.     Upon information and belief, Defendant Richard Reimers ("Reimers") is an individual who owns and operates and solely directs a retail establishment that sells marijuana and is the active and driving force behind that establishment.

10.     Upon information and belief, Defendants John Does 1-10 ("John Does") are individuals who reside or do or transact business in this District, and have engaged and participated, directly or contributorily, in the unlawful acts set forth herein.  The true identities of Defendants John Does 1-10 are not presently known to Plaintiff.  Plaintiff will amend its Complaint upon discovery of the identities of such Defendants.

11.     Upon information and belief, Defendants XYZ Corporations 1-10 ("XYZ Corps") are businesses that reside or do or transact business in this District, and have engaged and participated, directly or contributorily, in the unlawful acts set forth herein.  The true identities of Defendants XYZ Corporations 1-10  are not presently known to Plaintiff.  Plaintiff will amend its Complaint upon discovery of

Page 4
Complaint
Trans-High\Pleadings.sa

DAVIDSON  BACKMAN  MEDEIROS
ATTORNEYS AT LAW
A PROFESSIONAL LIMITED LIABILITY COMPANY

1550 BANK OF AMERICA FINANCIAL CENTER
601 WEST RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201
FACSIMILE: (509) 623-1660
(509) 624-4600

the identities of such Defendants.  Hereinafter Reimers, John Does and XYZ

Corporations are sometimes referred to collectively as "<u>Defendants</u>."

## **FACTUAL BACKGROUND**

*Plaintiff's Business and Trademarks*

12.     Plaintiff has been publishing HIGH TIMES magazine, a monthly

periodical, since 1974.  HIGH TIMES magazine is widely recognized as the largest

and most influential publication in the world covering hemp counterculture, and

focusing on the medical and recreational uses of marijuana and the reformation of

drug laws.  Celebrities such as Arnold Schwarzenegger, Oliver Stone, Bob Dylan,

Jerry Garcia, Jimmy Buffet, Jack Black, Sacha Baron Cohen, Woody Harrelson,

Mick Jagger and Bob Marley have been featured on the cover of the magazine, and

some of the leading literary and cultural voices of the 20th Century, such as writers

William S. Burroughs, Truman Capote, Hunter S. Thompson and Bruce Jay

Friedman, visual artist Andy Warhol, musicians Frank Zappa, Joey Ramone and Peter

Tosh, and political activist Jerry Rubin, among many others, have contributed

material to the publication.

DAVIDSON  BACKMAN  MEDEIROS
ATTORNEYS AT LAW
A PROFESSIONAL LIMITED LIABILITY COMPANY

1550 BANK OF AMERICA FINANCIAL CENTER
601 WEST RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201
FACSIMILE: (509) 623-1660
(509) 624-4600

13.     Plaintiff, in addition to being the publisher of HIGH TIMES magazine, is the organizer and promoter of several festival events, including the HIGH TIMES CANNABIS CUP events.

14.     Plaintiff has used marks including the terms HIGH TIMES and CANNABIS CUP in connection with its sponsorship and organization of well-known and highly publicized events and competitions, such as the international CANNABIS CUP event held annually in Amsterdam since 1987, and the MEDICAL CANNABIS CUP event, first held in San Francisco, California in 2010, with subsequent events taking place in Los Angeles, California, Denver, Colorado and Seattle, Washington. Plaintiff held the U.S. CANNABIS CUP event on April 20, 2013 in Denver, Colorado and on September 7-8, 2013 in Seattle, Washington, and will again hold a HIGH TIMES CANNABIS CUP event in Seattle, Washington in September 2014.

15.     Plaintiff owns the following United States trademark applications and registrations for marks that comprise or contain HIGH TIMES: Registration Nos. 4,069,371, 2,766,982, 1,883,561, 2,386,838, 3,025,055, 2,856,379, 3,815,134, 3,515,068, 3,494862, 3,333,713 and Application Serial Nos. 86/097,993, 86/278,717; 86/174,495; 86/258,769; 86/278,770; 86/205,092; and 86/205,130.

Page 6
Complaint
Trans-High\Pleadings.sa

DAVIDSON  BACKMAN  MEDEIROS
ATTORNEYS AT LAW
A PROFESSIONAL LIMITED LIABILITY COMPANY

1550 BANK OF AMERICA FINANCIAL CENTER
601 WEST RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201
FACSIMILE: (509) 623-1660
(509) 624-4600

16.    Plaintiff is also the owner of a number of domain names that incorporate Plaintiff's HIGH TIMES Marks, including HIGHTIMES.COM, HIGHTIMESCANNABISCUP.COM and MISSHIGHTIMES.COM.

17.    As a result of Plaintiff's widespread use of its HIGH TIMES marks in connection with its products and services, Plaintiff's substantial investment of time, money and effort in advertising and promoting its HIGH TIMES marks and the services offered thereunder, and the unsolicited media attention the HIGH TIMES marks have received, the HIGH TIMES marks have developed substantial public recognition among members of the consuming public.

18.    As such, the HIGH TIMES marks operate as unique source identifiers associated with Plaintiff and its products and services, and possess significant goodwill of great value to Plaintiff.

19.    There is no brand in the world of marijuana that is better known than HIGH TIMES.

***Defendants' Unlawful Activities***

20.    In or about July 2014, Defendants opened and began operating retail store selling marijuana under the name HIGH TIME STATION.  The opening of Defendants' HIGH TIME STATION marijuana store garnered media attention

DAVIDSON  BACKMAN  MEDEIROS
ATTORNEYS AT LAW
A PROFESSIONAL LIMITED LIABILITY COMPANY

1550 BANK OF AMERICA FINANCIAL CENTER
601 WEST RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201
FACSIMILE: (509) 623-1660
(509) 624-4600

including a television report titled "'High Times' marijuana retail shop opens after receiving first shipment."

21.    Defendants' HIGH TIME STATION mark (the "<u>Infringing Mark</u>") is confusingly similar to Plaintiff's HIGH TIMES marks and conveys the same commercial impression.

22.    Upon information and belief, Defendants adopted and used the Infringing Mark in an attempt to trade upon Plaintiff's intellectual property, reputation and goodwill by using the Infringing Mark in an effort to mislead the public into thinking that Defendants are affiliated with or licensed by Plaintiff.

23.    Given the near-identical nature of the Infringing Mark to the HIGH TIMES marks, and the goods and services they respectively designate, consumers familiar with Plaintiff's HIGH TIMES goods and services will likely assume, incorrectly, that Defendants' services originate with Plaintiff or that there is an affiliation between the parties, or that Plaintiff has sponsored, endorsed, or approved Defendants' services.

24.    Use of the Infringing Mark in connection with Defendants' services is likely to cause confusion as to the source and origin of Defendants' services and to cause mistake, or to deceive the public by misleading consumers into believing that

DAVIDSON  BACKMAN  MEDEIROS
ATTORNEYS AT LAW
A PROFESSIONAL LIMITED LIABILITY COMPANY

1550 BANK OF AMERICA FINANCIAL CENTER
601 WEST RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201
FACSIMILE: (509) 623-1660
(509) 624-4600

Defendant's services emanate from, are approved, authorized, endorsed or sponsored by, or are in some way associated or connected with Plaintiff.

25.     On information and belief, Defendants were aware of Plaintiff's HIGH TIMES marks prior to their use of the Infringing Mark, but chose nevertheless to violate Plaintiffs' rights with regard to those marks.

26.     On July 24, 2014, Plaintiff's counsel sent a letter to Defendants advising them that their use of the Infringing Mark violated Plaintiff's exclusive rights in the HIGH TIMES marks and demanding that Defendants cease any and all use of the Infringing Mark in connection with Defendants' cannabis-themed services.

27.     Counsel for Mr. Reimers replied by letter dated August 4, 2014.  In that letter, Mr. Reimers' counsel stated that Mr. Reimers was familiar with Plaintiff's HIGH TIMES Marks.  He also said that Mr. Reimers acknowledged the fame of and Plaintiff's investment in the HIGH TIMES marks.  Notwithstanding these acknowledgments, Mr. Reimers refused to cease his infringing activity.

28.     Plaintiff's counsel replied to that letter clarifying its position, again insisting that Mr. Reimers cease his infringement of the HIGH TIMES Mark and attaching an Agreement, Release and Discharge which included, inter alia, an acknowledgment of Plaintiff's rights in its HIGH TIMES Marks and an assurance

Page 9
Complaint
Trans-High\Pleadings.sa

DAVIDSON  BACKMAN  MEDEIROS
ATTORNEYS AT LAW
A PROFESSIONAL LIMITED LIABILITY COMPANY

1550 BANK OF AMERICA FINANCIAL CENTER
601 WEST RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201
FACSIMILE: (509) 623-1660
(509) 624-4600

that Mr. Reimer would not only cease all use of Defendants' Infringing Mark, but that he would never again resume use of that mark.

29.    By letter dated August 18, Mr. Reimer's counsel ignored the proposed Agreement, Release and Discharge, and instead stated that his client had changed the name of his marijuana retail store and would not use Defendants' Infringing Mark again.  He did not indicate what the new name was nor provide any evidence of the change.

30.    Plaintiff's counsel responded to the August 18 letter from Mr. Reimer's counsel by stating that this matter would not be resolved with a letter from counsel and that there must be a more formal recognition of Plaintiff's trademark rights and an assurance that Mr. Reimer will not in the future infringe those rights.  The letter attached another copy of the Agreement, Release and Discharge for Mr. Reimers' signature.

31.    By letter dated August 21, 2014, Mr. Reimers' counsel stated unequivocally that Mr. Reimers would not sign the agreement.  He did not propose any changes or offer any reasons for his refusal.  He simply refused.

32.    Plaintiff's brand is so essential to its business that it cannot rest on representations of counsel which Mr. Reimers is not willing to stand behind.

DAVIDSON  BACKMAN  MEDEIROS
ATTORNEYS AT LAW
A PROFESSIONAL LIMITED LIABILITY COMPANY

1550 BANK OF AMERICA FINANCIAL CENTER
601 WEST RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201
FACSIMILE: (509) 623-1660
(509) 624-4600

33.    Defendants' conduct as described above has caused and, unless restrained and enjoined by this Court, could again cause irreparable harm to Plaintiff, for which Plaintiff has no adequate remedy at law.

## FIRST CAUSE OF ACTION

## (TRADEMARK INFRINGEMENT – FEDERAL)

34.    Plaintiff repeats, reiterates and realleges each and every allegation set forth in paragraphs 1 through 33 hereof with the same force and effect as if fully set forth herein.

35.    This claim arises under the provisions the Lanham Act, 15 U.S.C. § 1114(1), and is for infringement of registered trademarks.

36.    Defendants' use of the Infringing Mark is intended to capitalize on the good will and reputation of Plaintiff's registered HIGH TIMES Marks.

37.    The activities of Defendants complained of herein constitute willful and intentional infringement of Plaintiff's HIGH TIMES Marks.

38.    The activities of Defendants complained of herein constitute willful and intentional infringement of Plaintiff's HIGH TIMES Marks in disregard of Plaintiff's rights, and were commenced and have continued in spite of Defendants' knowledge

DAVIDSON  BACKMAN  MEDEIROS
ATTORNEYS AT LAW
A PROFESSIONAL LIMITED LIABILITY COMPANY

1550 BANK OF AMERICA FINANCIAL CENTER
601 WEST RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201
FACSIMILE: (509) 623-1660
(509) 624-4600

that the unauthorized use of Plaintiff's HIGH TIMES Mark, or a copy or colorable imitation thereof, was, and is, in direct contravention of Plaintiff's rights.

39.     Defendants' use of Plaintiff's HIGH TIMES Marks is likely to cause confusion and mistake in the minds of the purchasing public and, in particular, tends to, and does, create the impression that Defendants' products and services emanate from, are approved or sponsored by, or are in some way associated or connected with Plaintiff's products and services, when in fact they are not.

40.     Plaintiff has no adequate remedy at law and is suffering immediate and irreparable harm and damage as a result of the acts of Defendants complained of herein in an amount thus far not determined.

## SECOND CAUSE OF ACTION

## (UNFAIR COMPETITION – FEDERAL)

41.     Plaintiff repeats, reiterates and realleges each and every allegation set forth in paragraphs 1 through 40 hereof with the same force and effect as if fully set forth herein.

42.     This claim arises under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), and alleges the use in commerce of false designations of origin in false descriptions in representations.

Page 12
Complaint
Trans-High\Pleadings.sa

DAVIDSON  BACKMAN  MEDEIROS
ATTORNEYS AT LAW
A PROFESSIONAL LIMITED LIABILITY COMPANY

1550 BANK OF AMERICA FINANCIAL CENTER
601 WEST RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201
FACSIMILE: (509) 623-1660
(509) 624-4600

43.    Defendants have used, and will continue use, in connection with their sale and marketing of services and products , false designations of origin and false designations, words, which tend falsely to describe or represent that such services and products are Plaintiff's services or products or are approved or sponsored by Plaintiff, and/or that Defendants are affiliated, sponsored, owned or controlled by Plaintiff, and have caused or will cause such services and products to enter into commerce with full knowledge of the falsity of such misleading designations of origin in such descriptions and representations, all to the detriment of Plaintiff.

44.    Upon information and belief, Defendants have offered or will offer for sale services and products using copies, or colorable imitations, of Plaintiff's HIGH TIMES Marks with the express intent to cause confusion and mistake, to deceive and mislead the purchasing public, to trade upon the reputation of Plaintiff, and improperly to appropriate the valuable trademark rights of Plaintiff.

45.    Plaintiff has no adequate remedy at law, and is suffering immediate and irreparable harm and damage as a result of the acts of Defendants complained of herein in an amount thus far not determined.

DAVIDSON  BACKMAN  MEDEIROS
ATTORNEYS AT LAW
A PROFESSIONAL LIMITED LIABILITY COMPANY

1550 BANK OF AMERICA FINANCIAL CENTER
601 WEST RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201
FACSIMILE: (509) 623-1660
(509) 624-4600

## THIRD CAUSE OF ACTION

## (VIOLATION OF THE WASHINGTON STATE

## CONSUMER PROTECTION ACT)

46.     Plaintiff repeats, reiterates and realleges each and every allegation set forth in paragraphs 1 through 45 hereof with the same force and effect as if fully set forth herein.

47.     The use by Defendants of the Infringing Mark infringes Plaintiff's HIGH TIMES Marks and constitutes an unfair method of competition in business and an unfair trade practice in business, as well as a fraudulent representation, which are damaging to the public interest in violation of the Washington Consumer Protection Act, R.C.W. § 19.86.020.

48.     The use by Defendants of the Infringing Mark that infringes Plaintiff's HIGH TIMES Marks in connection with cannabis-related events has been knowing, willful and deliberate.

49.     Plaintiff has been and will continue to be irreparably injured by reason of Defendants' unfair methods of competition and unfair trade practices in violation of the Washington Consumer Protection Act.  Such irreparable injury will continue

DAVIDSON  BACKMAN  MEDEIROS
ATTORNEYS AT LAW
A PROFESSIONAL LIMITED LIABILITY COMPANY

1550 BANK OF AMERICA FINANCIAL CENTER
601 WEST RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201
FACSIMILE: (509) 623-1660
(509) 624-4600

unless the acts of Defendants are enjoined during the pendency of this action and thereafter.

50.    Plaintiff has been damaged by Defendants' actions in an amount to be proven at trial.

## FOURTH CAUSE OF ACTION

## (UNFAIR COMPETITION – WASHINGTON COMMON LAW)

51.    Plaintiff repeats, reiterates and realleges each and every allegation set forth in paragraphs 1 through 50 hereof with the same force and effect as if fully set forth herein.

52.    This claim arises under the common law of the State of Washington relating to trademark infringement and unfair competition.

53.    The improper use by Defendants of the Infringing Mark, which is confusingly similar to the HIGH TIMES Marks, Defendants' misappropriation of the HIGH TIMES Marks, and other unfair activities constitute unfair competition and a violation of the common law rights of Plaintiff under the laws of the State of Washington.

54.    The foregoing activities were and are likely to cause confusion or mistake among consumers as to the origin or affiliation of Defendants' unauthorized

DAVIDSON  BACKMAN  MEDEIROS
ATTORNEYS AT LAW
A PROFESSIONAL LIMITED LIABILITY COMPANY

1550 BANK OF AMERICA FINANCIAL CENTER
601 WEST RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201
FACSIMILE: (509) 623-1660
(509) 624-4600

sales and services.  The unfair competition of Defendants has caused, and will cause, irreparable injury and damage to the business, reputation, and goodwill of Plaintiff. Such irreparable injury will continue unless the acts of Defendants are enjoined during the pendency of this action and thereafter.

55.    Plaintiff has been damaged by Defendants' actions in an amount to be proven at trial.

## FIFTH CAUSE OF ACTION

## (TRADEMARK INFRINGEMENT -- WASHINGTON COMMON LAW)

56.    Plaintiff repeats, reiterates and realleges each and every allegation set forth in paragraphs 1 through 55 hereof with the same force and effect as if fully set forth herein.

57.    This claim arises under the common law of the State of Washington relating to trademark infringement.

58.    The improper use by Defendants of a name and mark identical to the HIGH TIMES Marks of Plaintiff was, and is, likely to cause confusion or mistake among consumers as to the origin or affiliation of Defendant's unauthorized sales, products or services.

Complaint
Trans-High\Pleadings.sa

DAVIDSON  BACKMAN  MEDEIROS
ATTORNEYS AT LAW
A PROFESSIONAL LIMITED LIABILITY COMPANY

1550 BANK OF AMERICA FINANCIAL CENTER
601 WEST RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201
FACSIMILE: (509) 623-1660
(509) 624-4600

WHEREFORE, Plaintiff respectfully requests judgment against Defendants as follows:

A.    That a preliminary and permanent injunction be entered against Defendants and their agents, servants, representatives, employees, successors and/or assigns, and all persons or companies in active concert and/or participation with them, preliminarily and permanently enjoining them from (i) using any marks, including but not limited to HIGH TIMES, or any other terms, comprising or containing the term HIGH TIMES alone or with other elements, or any marks confusingly similar to the HIGH TIMES Marks, or which are likely to suggest a connection with Plaintiff, or committing any other act, which falsely represents or which has the effect of falsely representing that the goods or services of Defendants or of any third party are licensed, authorized by, endorsed or in any way associated with Plaintiff; (ii) committing any other acts which falsely represent or which have the effect of falsely representing that Defendants and their services are associated with, authorized, endorsed or sponsored by Plaintiff; or (iii) otherwise competing unfairly with HIGH TIMES or retaining the benefits of any past unfair competition;

B.    That pursuant to 15 U.S.C. § 1116(a), Defendants be directed to file with the Court and serve upon Plaintiff, within 30 days after entry of final judgment, a

Page 17
Complaint
Trans-High\Pleadings.sa

DAVIDSON  BACKMAN  MEDEIROS
ATTORNEYS AT LAW
A PROFESSIONAL LIMITED LIABILITY COMPANY

1550 BANK OF AMERICA FINANCIAL CENTER
601 WEST RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201
FACSIMILE: (509) 623-1660
(509) 624-4600

report in writing and under oath setting forth in detail the manner and form in which

they have complied with the provisions set forth in Paragraph A;

C.     That Defendants be directed to account to Plaintiff for all gains, profits

and advantages derived from their wrongful acts, together with interest thereon;

D.     That Plaintiff be awarded such damages as Plaintiff has sustained as a

consequence of Defendants' infringement of the HIGH TIMES Marks;

E.     That Defendants pay to Plaintiff all costs and expenses incurred in this

action, including reasonable attorneys' fees; and

F.      Granting Plaintiff such other and further relief as the Court may deem

just and proper.

DATED this 25th day of August 2014.


COWAN, LIEBOWITZ & LATMAN, P.C.

 /s/ Kieran G. Doyle
Kieran G. Doyle
1133 Avenue of the Americas
New York, New York  10036
(212) 790-9261
KGD@cll.com
Lead Counsel for Plaintiff (*pro hac vice Motion to be filed*)

DAVIDSON  BACKMAN  MEDEIROS
ATTORNEYS AT LAW
A PROFESSIONAL LIMITED LIABILITY COMPANY

1550 BANK OF AMERICA FINANCIAL CENTER
601 WEST RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201
FACSIMILE: (509) 623-1660
(509) 624-4600

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

DAVIDSON BACKMAN MEDEIROS PLLC

_/s/ Aaron D. Goforth_
Aaron D. Goforth, WSBA No. 28366
1550 Bank of America Financial Center
601 West Riverside Avenue
Spokane, Washington  99201
(509) 624-4600
agoforth@dbm-law.net
Local Counsel for Plaintiff

DAVIDSON  BACKMAN  MEDEIROS
ATTORNEYS AT LAW
A PROFESSIONAL LIMITED LIABILITY COMPANY

1550 BANK OF AMERICA FINANCIAL CENTER
601 WEST RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201
FACSIMILE: (509) 623-1660
(509) 624-4600