UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| TRANS-HIGH CORP., INC., ) <br> ) <br> Plaintiff, ) <br> ) <br> -vs- ) <br> ) <br> RICHARD REIMERS, et al., ) <br> ) <br> Defendants. ) <br> ) <br> ) <br> ) | NO. 2:14-CV-00279-LRS <br><br> **ORDER GRANTING PLAINTIFF'S MOTION TO DISMISS COUNTERCLAIM** |

**BEFORE THE COURT** is Plaintiff Trans-High Corp., Inc.'s ("Trans-High") Motion to Dismiss For Failure to State A Claim (ECF No. 12), which was telephonically argued on December 18, 2015. Kieran Gerard Doyle participated on behalf of the Plaintiff and John R. Zimantz participated on behalf of the Defendants. At the close of oral argument, the Court took the matter under advisement. After careful review of the pleadings submitted by all parties and with

ORDER - 1

the benefit of oral argument, the Court enters the following order.

## I. BRIEF BACKGROUND

Plaintiff Trans-High is the owner of ten federally registered trademarks for "HIGH TIMES" and variations thereof for lawful goods and services.[1] Defendant Richard Reimers has been using "HIGH TIME STATION" for the name of his marijuana dispensary. Plaintiff alleges that Defendant Richard Reimers, by operation of a retail cannabis store in Ephrata, Washington licensed by the State of Washington used the mark "High Time Station" and thereby infringed on Plaintiff's mark. Plaintiff Trans-High is seeking a permanent injunction against Mr. Reimers' future use of that mark. Defendant Reimers counterclaimed, asking this Court to cancel some or all of Trans-High's registrations. Plaintiff urges the Court to dismiss Defendants' counterclaim pursuant to Fed.R.Civ.P. 12(b)(6).

---

[1] The Court takes judicial notice of the ten registrations listed in the Complaint (ECF No. 1) and Plaintiff's Motion to Dismiss (ECF No. 12 at 5) for purposes of this motion to dismiss.

## II. LEGAL STANDARD

A cause of action may be dismissed under Fed.R.Civ.P. 12(b)(6) either when it asserts a legal theory that is not cognizable as a matter of law, or if it fails to allege sufficient facts to support an otherwise cognizable legal claim. *SmileCare Dental Group v. Delta Dental Plan of California, Inc*., 88 F.3d 780, 783 (9th Cir. 1996). In addressing a Rule 12(b)(6) challenge the Court accepts all factual allegations in the complaint as true (Hospital Bldg. Co. v. Trustees of the Rex Hospital, 425 U.S. 738, 740, 96 S.Ct. 1848, 48 L.Ed.2d 338 (1976)), and construes the pleading in the light most favorable to the nonmoving party. Tanner v. Heise, 879 F.2d 572, 576 (9th Cir.1989).

## III.    DISCUSSION

The allegation at issue targets Trans-High's first and only trademark registration (Registration No. 1,883,561) that covers magazines, registered in 1995. Mr. Reimers accuses Trans-High of unlawfully selling goods that are not among those listed in the registrations. More specifically, Defendants' allegations take aim at the alleged sale of drug paraphernalia and controlled substances based on the claim

that Trans-High's act of printing advertisements by third-party companies in its HIGH TIMES magazine violates the Controlled Substances Act.

Defendant Reimers does not allege that the goods and services identified in the HIGH TIMES registrations are unlawful. Instead he accuses Plaintiff Trans-High of unlawfully selling goods that are not among those listed in the registrations. Defendants rely on the Controlled Substances Act stating that such act prohibits, among other things, manufacturing, distributing, dispensing, or possessing certain controlled substances, including marijuana, marijuana-based preparations, and psilocybin.

Plaintiff asserts the Controlled Substances Act expressly excludes from its scope a party's mere advertisement or "promotion" of controlled substances and drug paraphernalia. Therefore, Plaintiff concludes Defendants' counterclaim should be dismissed.

The Court finds Plaintiff's arguments convincing. Specifically, a registration may be vulnerable to cancellation if the goods and services for which the registration has been issued, are proven to be unlawful.

ORDER - 4

None of the goods and services for which the registrations have been issued are unlawful. The Controlled Substances Act expressly excludes from its scope a party's mere advertisement or "promotion" of controlled substances and drug paraphernalia. *See* 21 U.S.C. § 843(c)(1) ("The term 'advertisement' does not include material which merely advocates the use of a similar material, which advocates a position or practice, and does not attempt to propose or facilitate an actual transaction in a Schedule I controlled substance.")

Having alleged no illegality (nor any other cognizable basis for cancellation), the Court finds Defendants' legal theory is not cognizable as a matter of law. Furthermore, to the extent Defendants' counterclaim seeks to cancel Trans-High's other nine HIGH TIMES trademark registrations for various other goods and services, including posters, T-shirts, and DVDs, such a claim similarly fails.

Accordingly, **IT IS HEREBY ORDERED** that: Plaintiff's Motion to Dismiss, **ECF No. 12**, is hereby **GRANTED.** Defendants' counterclaim for cancellation of federal

registration of trademark, **ECF No. 8,** is hereby **DISMISSED WITH PREJUDICE.**

**IT IS SO ORDERED.** The Clerk is hereby directed to enter this order.

**DATED** this 12th day of January, 2015.

*s/Lonny R. Suko*

_____
LONNY R. SUKO
SENIOR U. S. DISTRICT JUDGE

ORDER - 6